THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* ELWOOD.

[No. 3,011.   Filed December 13, 1900.]

MASTER AND SERVANT.—*Personal Injuries.—Complaint.—Contributory Negligence.*—A complaint against a railroad company by an employe for personal injuries received while coupling cars, by stumbling over rubbish permitted by defendant to accumulate upon the tracks, alleging that plaintiff notified defendant six weeks before the injury to remove the obstruction, and, not being in a position to see the obstructions, believed defendant had removed same, shows actionable negligence on the part of defendant and that plaintiff was without fault contributing to his injury.   *pp. 672-674.*

RAILROADS.—*Master and Servant.—Voluntary Relief Association.—Personal Injury.—Damages.*—Where an employe of a railroad company voluntarily became a member of a relief association conducted by such company, and agreed that if injured he would not seek double compensation by pursuing both the relief fund and his remedy at law against the company, the acceptance of the benefits from the relief fund to which he was entitled for an injury sustained constitutes a bar to an action at law against the company for the injury.   *pp. 674-676.*

From the Henry Circuit Court.   *Reversed.*

*J. L. Rupe* and *L. P. Newby,* for appellant.

WILEY, J.—Appellee sued appellant in a single paragraph, in which it is averred that on May 28, 1893, and for a considerable time prior thereto, appellee was in the employment of appellant as a yard brakeman in its railroad yard at Richmond, Indiana; that as such employe it was the duty of appellee to aid other servants and employes of appellant in said yard in switching and distributing freight cars to and upon the various tracks and switches in said yard, and to make up trains of freight cars to be taken to divers points and places on the lines of appellant's railroad; that to enable appellee to perform and discharge his various duties with safety to himself, it became and was the duty of appellant to keep the surface of its railroad yard, where it was necessary for appellee to go in the discharge of his duties, smooth and free from obstructions and rubbish over which he might stumble and fall; that about 6:30 o'clock on the evening of May 28, 1893, while he was engaged in the discharge of his duties as such employe, and while attempting to uncouple the rear car from the car to which it was attached of several freight cars that were coupled together and attached to an engine, while said cars and engine were moving slowly and without any fault, neglect or carelessness on his part, he stumbled and fell over a large lot of rubbish consisting of pieces of railroad ties, piles of cinders, wood, iron pins, links, couplings, clinkers, and pieces of coke, which appellant had carelessly and negligently deposited and suffered to accumulate on the railroad track and switch between the rails thereof, on which said cars were when appellee was attempting to uncouple said car; that at said time he did not know that said obstructions were on said track. The complaint then avers that appellee saw said obstructions upon the track about six weeks prior to said 28th of May, 1893, at which time he caused appellant "to be notified thereof and to remove the same, and that he never thereafter saw the same and believed that defendant had removed them from said track or switch as the latter

promised to do." The complaint then describes how appellee stumbled upon such rubbish and the injury he received. A demurrer to the complaint was overruled. Appellant answered in four paragraphs, one of which was a general denial. The court sustained a demurrer to the second and third paragraphs of answer, and upon the issues tendered by the general denial, the fourth paragraph of answer, and the reply, the case was submitted to a jury for trial, which resulted in a general verdict for appellee for $2,000. The jury also found specially as to certain facts by way of answers to interrogatories. Appellant's motions for judgment upon the answers to the interrogatories and for a new trial were respectively overruled. Each of the rulings above noted, which were adverse to appellant, are assigned as errors, and the first question discussed is the overruling of the demurrer to the complaint. The appellee has not filed any brief.

Counsel for appellant argue that the complaint is defective because it shows that appellee assumed the risk incident to the hazardous employment in which he engaged. We need not cite authorities to support the familiar proposition that the master is in duty bound to provide a reasonably safe place for his servant to work. The complaint shows that in this instance the appellant failed to do this. It is certainly negligence for a railroad company to allow rubbish, such as described in the complaint, to accumulate on its tracks and in its yards, and to suffer it to remain there. Especially is this true in a switching yard where the employes are required to go and be in the discharge of their duties in coupling and uncoupling cars, making up trains, etc. We learn from the complaint that the obstructions were on the track and in the yard some six weeks before the accident complained of; that appellant was notified thereof and promised to remove them. Appellee supposed and believed they were removed, and the complaint specifically

avers that when he was engaged in the line of his duty, and when he was injured, he did not see them. His duty required him to go in between two cars to perform the service incumbent upon him in uncoupling one car from the other, and while so engaged, and while the cars were moving slowly, and he was performing the duty imposed upon him by the terms of his employment, he stumbled on the obstructions and was injured. We know from common observation and knowledge that the distance between two freight cars when coupled together is barely sufficient to permit a man to stand between them. While in that position, it is obvious that he could not see under the cars upon the track, except at his feet, to look for and observe obstructions upon the track. We think from this view of the complaint that it shows actionable negligence on the part of appellant, and that appellee was without fault or negligence contributing to his injury. The court did not err in overruling the demurrer to the complaint.

The next question discussed is the sustaining of appellee's demurrer to the second paragraph of answer. The answer is very voluminous, and is based upon an agreement between appellant and appellee by which the latter became a member of the "Voluntary Relief Department of the Pennsylvania lines west of Pittsburgh." This voluntary relief department consisted of a combination and organization of three separate railroad companies, under the management and control of the Pennsylvania system of railroads west of Pittsburgh. The answer is in all essential respects like a similar answer in the case of *Pittsburgh, etc., R. Co. v. Moore,* 152 Ind. 345, 44 L. R. A. 638. The substance of the answer is that appellee voluntarily became a member of said relief association some time prior to his injury, and was still a member when he was injured; that said department and its funds were managed by the companies embraced in said relief department without expense to the fund; that they guaranteed the payment of all its ob-

ligations and made up all deficiencies in the fund to meet the payment of all benefits due its members; that said relief department had a set of rules and regulations by which it and its members were governed and to which all persons becoming members assented and agreed to be bound by when they became members thereof; that the employe is entitled to his benefits from any cause—from sickness, from accident, from his own fault as well as from the fault of the company. The answer further shows, based upon the rules and regulations of the company and appellee's written application for membership in the relief department, that if the appellee should become disabled without fault of the company, the living or death benefit may be drawn from the fund without question. If disabled by the fault of the company, he may, after injury, elect whether he will accept the benefits from the fund or pursue his remedy at law against the company. The answer further avers that by the contract between appellant and appellee that if injured by the fault of the company he will not seek double compensation, by pursuing both the relief fund and his remedy at law. It further shows in effect that in case of disability from the fault of the company, and all the facts and conditions are known to the employe, he is at perfect liberty then to choose between the relief fund and the treasury of the company, whether he will accept the sure and immediate benefits from the relief fund, or take his chance in the courts against the company, and that an adoption of one course shall be held an abandonment of the other. The answer further charges that appellee after his injury elected to accept the conditions of his contract providing for the payment to him out of the relief fund the benefits to which he was entitled by the terms thereof, and that the company paid to him and he received and accepted from it, out of said fund, the benefits to which he was entitled from the date of his injury, viz., from May 29th to August 31, 1893.

In the case of *Pittsburgh, etc., R. Co.* v. *Moore, supra,* the

Supreme Court, in a very able and exhaustive opinion by Hadley, J., held a similar answer good, and reversed the judgment, holding that it was error of the court below in sustaining a demurrer to the answer. The decision in that case is the law here and must control. It follows that the trial court erred in sustaining the demurrer to the second paragraph of appellant's answer. This conclusion makes it unnecessary to decide other questions presented by the record and discussed by counsel.

The judgment is reversed, with instructions to the court below to overrule appellee's demurrer to the second paragraph of appellant's answer.

Comstock, J., did not participate in the decision of this case.